BENJAMIN B. WAGNER
United States Attorney
LAUREL J. MONTOYA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>BALTAZAR CASTANEDA GARCIA, et al.<br><br>                      Defendant, | CASE NO.  1:13-cr-00392-LJO-SKO<br><br>STIPULATION TO VACATE JURY TRIAL DATE AND RESET STATUS CONFERENCE; EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER **OF DENIAL** |

Plaintiff United States of America, by and through its counsel of record BENJAMIN B. WAGNER, United States Attorney and LAUREL J. MONTOYA, Assistant U.S. Attorney, and defendants by and through their undersigned counsel of record hereby stipulate as follows:

1. By previous order, this matter was set for jury trial June 16, 2015 at 8:30 a.m. before the Honorable Lawrence J. O'Neill.

2. By previous order, this matter is set for status conference June 1, 2015 at 1:00 p.m. before the Honorable Sheila K. Oberto.

3. By this stipulation, the parties agree to vacate the jury trial date and continue the status hearing to June 15, 2015 at 1:00 p.m. before Judge Oberto, or before Judge Lawrence J. O'Neill at a time/courtroom convenient to the court.  Time has

Garcia, et al Stipulation and Proposed Order

1

previously been excluded to and through June 16, 2015 the date set for the jury trial in this matter. Defense counsel does not oppose this request.

4. Recent intervening events since the matter was set for trial necessitate this request. At the last status conference, the parties requested Judge Oberto to vacate the trial date however she advised the parties to contact the trial judge regarding the request.

5. The parties agree and stipulate, and request that the Court find the following:

   a. Additional time is needed for formulating offers and the approval process as well as investigation related to the formulation and consideration of any offer to settle the matter;

   b. Additional time is needed for investigation and preparation of the matter for trial;

   c. The parties have agreed to vacate the June 16, 2015 jury trial date;

   d. The parties have agreed to continue the date for the status conference to June 15, 2015;

   e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 29, 2014 to June 16, 2015, inclusive, has previously been excluded by the court on September 29, 2015.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: May 18, 2015                     /s/ Laurel J. Montoya
                                        LAUREL J. MONTOYA
                                        Assistant United States Attorney

DATED: May 18, 2015                     /s/ David Torres
                                        DAVID TORRES
                                        Attorney for Defendant Garcia

DATED: May 18, 2015                     /s/ Nick Reyes
                                        NICK REYES
                                        Attorney for Defendant Peraza Ruiz

DATED:  May 18, 2015                                   /s/ E. Marshall Hodgkins
                                                       E. MARSHALL HODGKINS
                                                       Attorney for Defendant Vega

DATED:  May 18, 2015                                   /s/ Peter Jones
                                                       PETER JONES
                                                       Attorney for Defendant Canchola

# O R D E R

The request to continue the trial date is DENIED.  There is no good cause stated why this case is not ready for trial as set. Simply stating that things have not been done is not good cause.  Counsel participated in selecting the current jury trial date.  Assuming that there is some UNSTATED reason for such a continuance, Counsel did not provide a new, agreed upon date for a new trial date within 90 days of the current trial date.  Without BOTH the good cause AND the new agreed upon trial date within 90 days of the current trial date will result in a further and final denial of the motion to continue.

IT IS SO ORDERED.

Dated:   **May 18, 2015**                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE

Garcia, et al Stipulation and Proposed Order

3